FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUL 16 PM 4:46

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | |
|---|---|
| DERRICK ANTONIO WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV407-067 |
| ) | |
| W.T.O.C., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On June 11, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Doc. 3. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation

Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, who is incarcerated at the Chatham County Sheriff's Complex, alleges that defendant, a television station in Savannah, Ga., made libelous statements about plaintiff from April 19-22, 2007. Doc. 1. Because plaintiff has not alleged that his rights were violated by a governmental entity or state actor, or by a private entity conspiring with a state actor, plaintiff fails to state a claim upon which relief can be

granted. It is axiomatic that merely private conduct, however wrongful or discriminatory, is not actionable under § 1983. Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276-77 (11th Cir. 2003). Because the defendant television station is a private entity, § 1983 does not provide a remedy to plaintiff.

Furthermore, plaintiff alleges "a violation of the Georgia Constitution" or state law. Doc. 1. The Court is obligated to dismiss, sua sponte, any complaint over which the Court does not possess subject-matter jurisdiction. Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999) ("[O]nce the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims."); Johansen v. Combustion Engineering, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). Plaintiff's charges in the instant complaint are purely state-law oriented, and plaintiff does not assert a basis of federal subject-

matter jurisdiction in his complaint, as provided under 28 U.S.C. §§ 1330-1368, that would authorize this Court to consider his claims.

Accordingly, for the reasons stated above, this action should be DISMISSED for failure to state a claim.

**SO REPORTED AND RECOMMENDED** this 16TH day of July, 2007.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA