UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 NOV -1 AM 9: 26

CLERK_____
SO. DIST. OF GA.

DERRICK WILLIAMS,

Plaintiff,

v.            407CV067

W.T.O.C.,

Defendant.

## ORDER

42 U.S.C. § 1983 inmate-plaintiff Derrick Williams appeals this Court's judgment dismissing his defamation case against a local TV station for lack of the "state action" one must show to support a § 1983 claim. Doc. # 11 (8/15/07 Judgment); # 12 (10/25/07 Notice of Appeal (NOA)). Williams also moves the Court for leave to appeal *in forma pauperis* (IFP). Doc. ## 13-14.

On his IFP motion, plaintiff need not show that he will prevail on appeal, only "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Williams's moving papers, however, cite to nothing showing the F.R.Civ.P. 61-level prejudice needed to demonstrate the good faith 28 U.S.C. § 1915(a)(3) and F.R.App.P. 24(a) demand. *See Hamilton v. Downs*, 68 F.Supp.2d 1380, 1382-83 (S.D.Ga. 1999). Indeed, he presents no issues on appeal, and nothing from his prior filings leaps out at the Court on that score.

For that matter, his appeal appears to be untimely and thus dismissible on its face. The Court entered its judgment on 8/15/07, doc. # 11 and Williams's NOA was not entered until 10/25/07.[1] To grant IFP would only assist a "dead on arrival" appeal.

Williams *claims* he signed his NOA on 8/17/07 and thus under the prison-mailbox rule,[2] it is timely. But this Court's Clerk's office is very efficient (virtually 100% same-day filing on all mailed-in papers received), and thus the Court is disinclined to believe a convicted criminal's mere paper assertion here (inmate litigants can take their time to appeal and simply exploit the "prison mailbox rule" by back-dating their NOA's before sending them to the Clerk). While the Court will not base its IFP ruling on plaintiff's NOA-filing date, it is worth noting that this problem (*i.e.*, suspiciously dated NOA's, which arguably require an expensive evidentiary hearing to resolve such suspicions) routinely suffuses inmate cases like this.

In any event, the Court **DENIES** plaintiff Derrick Williams's IFP motion. Doc. ## 13-14. Nevertheless, the Clerk shall assess him the $455 appellate filing fee. *Bettis v. Jail Admin.*, 07-12549-E (11th Cir. 10/9/07) (unpublished).

This 31 day of October, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] This time gap is simply too large. *See* F.R.App.P. 4(a)(1)(A) (30 days for filing appeal notice).

[2] *Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1277 (11th Cir. 2001) (to be timely, pro se prisoner's notice of appeal in civil case must either be filed in district court, or alternatively, placed in institutional mail system or legal mail system, not later than 30 days after judgment appealed from is entered by separate document on district court's docket); F.R.App.P. 4(c).